IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA McNEELY,

           Plaintiff,

vs.                                  Case No. 10-1102-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a quantitative
exercise, for evidence is not substantial if it is overwhelmed by
other evidence or if it really constitutes mere conclusion.  Ray
v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court
is not to reweigh the evidence, the findings of the Commissioner
will not be mechanically accepted.  Nor will the findings be
affirmed by isolating facts and labeling them substantial
evidence, as the court must scrutinize the entire record in
determining whether the Commissioner's conclusions are rational.
Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The
court should examine the record as a whole, including whatever in
the record fairly detracts from the weight of the Commissioner's
decision and, on that basis, determine if the substantiality of
the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be
determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment expected
to result in death or last for a continuous period of twelve
months which prevents the claimant from engaging in substantial
gainful activity (SGA).  The claimant's physical or mental
impairment or impairments must be of such severity that they are
not only unable to perform their previous work but cannot,
considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On October 1, 2008, administrative law judge (ALJ) Jack D. McCarthy issued his decision (R. at 24-36). Plaintiff alleges disability beginning August 1, 2003 (R. at 24). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since February 7, 2005, the application date (R. at 26). At step two, the ALJ found that plaintiff had the following severe impairments: major depression with psychotic symptoms; posttraumatic stress disorder (PTSD); anxiety disorder, not

otherwise specified (NOS); cannabis dependence; alcohol dependence; and polysubstance abuse, reported to be in partial remission.  The ALJ found also found that plaintiff had no severe physical impairments (R. at 26-27).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 27).  The ALJ then found that the combination of plaintiff's mental impairments, drug addiction and/or alcoholism, and non-compliance with treatment prevents her from working 8 hours a day, 5 days a week on a regular and continuing basis.  When the substance abuse disorder is present, plaintiff was found to be unable to perform either past work or other work in the national economy (R. at 28, 31).

The ALJ further determined that in the absence of the substance abuse disorder, plaintiff still has severe impairments, but none that meet or equal a listed impairment (R. at 32).  After determining plaintiff's RFC in the absence of substance use (R. at 33), the ALJ found at step four that she would still be unable to perform past relevant work (R. at 35).  However, at step five, the ALJ found that plaintiff, in the absence of substance use, could perform a significant number of other jobs in the national economy (R. at 35).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 36).

**III.  Did the ALJ err by failing to obtain medical records regarding the plaintiff?**

42 U.S.C. § 423(d)(5)(B) states as follows:

> In making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record, **and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability. In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination**, prior to evaluating medical evidence obtained from any other source on a consultative basis.

(emphasis added). Although the claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. This duty is especially strong in the case of an unrepresented claimant. The ALJ has a duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing. Carter v. Chater, 73 F.3d 1019, 1021, 1022 (10th Cir. 1996).

In the case of Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006), the court set forth the applicable law regarding the ALJ's duty to develop the record regarding medical evidence:

> "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Hawkins v. Chater, 113 F.3d

6

> 1162, 1164 (10th Cir.1997); 20 C.F.R. § 404.1512(a) ( "[Y]ou must bring to our attention everything that shows that you are ⋯ disabled."). Nevertheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.' " Hawkins, 113 F.3d at 1164 (quoting Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir.1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[ ] fully into the issues"). Generally, this means that the "ALJ has the duty to...obtain[ ] pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir.1996). Moreover, the ALJ's "duty is heightened" when a claimant, like Mr. Madrid, appears before the ALJ without counsel. Henrie, 13 F.3d at 361; Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992) (same); see also Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel.").

In Madrid, the ALJ acknowledged that Mr. Madrid was referred for a rheumatology work-up and that a rheumatoid factor test was performed, but the ALJ apparently dismissed the possibility of a rheumatological disorder because the record contained no evidence of a rheumatology work-up. The court held that the ALJ committed legal error by not requesting the rheumatoid factor test results. The court found that this failure was especially troubling because Mr. Madrid was not represented by counsel at the administrative hearing, the test results were in existence at the time of the hearing and apparently available, and the ALJ was

aware the test was performed. 447 F.3d at 791.

Plaintiff alleged disability beginning August 1, 2003 (R. at 24). Plaintiff's application date for SSI benefits was February 7, 2005 (R. at 26). Medical records obtained from Blue Earth County Mental Health Center, and dated October 13, 2005, state the following:

> Source of Information:
>
> ...We also have recent records from ISJ Hospital and an evaluation conducted by Dr. Tara Buhl available to us...
>
> Chief Complaint/Source of Stress/Reason for Referral:
>
> ...Patient is also referred here subsequent to recent inpatient hospitalization at Immanuel-St. Joseph's Psychiatric Unit.
>
> ..........
>
> Past Chemical Dependency/Abuse History:
>
> This patient readily admits to the use of cocaine and methamphetamine in the past. She [plaintiff] estimates that she has been clean for approximately two years after an eight-month episode of treatment at Affinity House in Wisconsin in 2003. She resided there while she was pregnant with her third child.

(R. at 180). The ALJ noted this information in his decision (R. at 29); however, the record does not indicate that the ALJ made any effort to obtain the records from her residential treatment at Affinity House. Plaintiff alleges error by the ALJ for failing to obtain these records (Doc. 12 at 13). Plaintiff also argues that even though she testified about other medical

8

treatment (Atchison Hospital, Atchison Guidance Center, Dr. Rider and Dr. Growney) (R. at 278-282), the ALJ made no effort to obtain any of those medical records (Doc. 12 at 12-13). Defendant does not dispute that the ALJ failed to obtain the medical records noted by plaintiff in her brief.

The statutory and case law is clear that it is the ALJ's duty to obtain pertinent, available medical records which come to his attention during the course of the hearing. This duty is heightened when the claimant is unrepresented. Plaintiff was unrepresented at the hearing before the ALJ (R. at 261). There is no indication in the record that the ALJ made any effort to obtain medical records from these various medical sources identified in the medical records or in plaintiff's testimony.

The ALJ found that plaintiff was disabled when considering the combination of her mental impairments and substance use (R. at 28, 31). The ALJ then found that plaintiff, absent substance use, could perform a significant number of other jobs in the national economy, and was therefore not disabled (R. at 35-36).[1]

---

[1] In 1996, Congress passed Public Law 104-121. It added the following language to 42 U.S.C. § 423(d)(2):

> (C) An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

20 C.F.R. § 404.1535 (disability insurance) and

9

In Salazar v. Barnhart, 468 F.3d 615, 623, 624 (10th Cir. 2006), the court noted that the Commissioner has stressed "the need for careful examination of periods of abstinence" in order to determine plaintiff's remaining mental limitations absent drug and alcohol use. Clearly, medical records covering an eight month period of residential treatment would likely be of critical importance in determining the extent of plaintiff's remaining mental limitations absent substance use. The need for these

---

§ 416.935 (SSI) are identical, and are the implementing regulations governing this issue. The implementing regulations make clear that a finding of disability is a condition precedent to an application of §423(d)(2)(C). The Commissioner must first make a determination that the claimant is disabled. He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol or drugs. If so, then the alcohol or drug use is not a contributing factor material to the finding of disability. If however, the claimant's remaining impairments would not be disabling without the alcohol or drug abuse, then the alcohol or drug abuse is a contributing factor material to the finding of disability. The ALJ cannot begin to apply §423(d)(2)(C) properly when he has not yet made a finding of disability. Drapeau v. Massanari, 255 F.3d 1211, 1214-1215 (10th Cir. 2001). In other words, an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under §§ 404.1535 or 416.935. If the ALJ finds that the claimant is disabled and there is medical evidence of his or her drug addiction or alcoholism, then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant would still be found disabled if he or she stopped using alcohol or drugs. Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001).

records is even more apparent in light of the fact that the ALJ himself stated that there are no longitudinal records from a treating psychologist or psychiatrist (R. at 34).

The failure of the ALJ to request these medical records is troubling because, as in Madrid, plaintiff in this case was unrepresented by counsel, and the ALJ was aware of the residential treatment, but made no effort to obtain these records despite their clear potential relevance to the issue of plaintiff's remaining mental limitations absent substance use. Therefore, this case shall be remanded in order for the ALJ to obtain these medical records.[2]

Plaintiff has also noted that other medical records were not obtained by the ALJ (Atchison Hospital, Atchison Guidance Center, Dr. Rider and Dr. Growney). Although their relevance to the issue of plaintiff's remaining mental limitations absent

---

[2]Although not raised by plaintiff in her brief, because this case is being remanded in order to obtain records pertaining to eight months of residential treatment, the court would also note that the medical records from the 2005 hospitalization at a psychiatric unit and an evaluation might also be highly relevant to the issue of plaintiff's remaining mental limitations absent substance abuse. Although the medical records include records from Immanuel-St. Joseph's (ISJ) Clinic (R. at 182-230), which were requested by the defendant, the medical records in this case do not include any records from Immanuel-St. Joseph's Hospital or Psychiatric Unit, and no evaluation by Dr. Buhl; furthermore, the record does not indicate that any effort was made to obtain these records after the defendant obtained the records from Blue Earth County Mental Health Center which noted the inpatient hospitalization at Immanuel-St. Joseph's Psychiatric Unit and the evaluation from Dr. Buhl. Thus, the ALJ would be well advised to attempt to obtain these records as well.

substance abuse is less clear, on remand, the ALJ should consider ordering these records as well.  Plaintiff's counsel could also attempt to obtain these records when the case is remanded.

**IV.  Did substantial evidence support the finding of the ALJ that plaintiff's substance use disorder is a contributing factor material to the determination of disability and therefore would not be disabled if he stopped substance use?**

In the case of <u>Salazar v. Barnhart</u>, 468 F.3d 615 (10th Cir. 2006), the court referred to a teletype sent out by the Commissioner which pertains to Pub. L. 104-121.  The court summarized portions of the teletype as follows:

> Shortly after the law [Pub. L. 104-121] was amended, the Commissioner sent out a teletype on applying the new law, which speaks to situations where a claimant has one or more other mental impairments in addition to DAA [drug addiction or alcoholism]. It stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is not a contributing factor material to the disability determination.
>
> ..........
>
> With regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is not a contributing factor material to the disability determination.

12

> ..........
>
>> Further, the Commissioner's teletype
>> instructs that where the record is devoid of
>> any medical or psychological report, opinion,
>> or projection as to the claimant's remaining
>> limitations if she stopped using drugs or
>> alcohol, an ALJ should "find that DAA is not
>> a contributing factor material to the
>> determination of disability."

Salazar, 468 F.3d at 623, 624.

The ALJ referred plaintiff to Dr. Mintz for a consultative mental status examination (R. at 250-257). Dr. Mintz found that plaintiff had a mild limitation in the ability to understand, remember and carry out simple instructions. Dr. Mintz found that the plaintiff had a moderate impairment in her ability to make judgments on simple work-related decisions. He further determined that she had marked impairments in the ability to understand, remember and carry out complex instructions, in the ability to make judgments on complex work-related decisions, in her ability to interact appropriately with the public, supervisors, co-workers, and in the ability to respond appropriately to usual work situations and to changes in a routine work setting (R. at 255-256).

Dr. Mintz was then asked what changes he would make to his answers if the claimant was totally abstinent from alcohol and/or substance use/abuse. He stated the following:

> Alcohol and drug abuse compounds her other
> difficulties in life functioning in my
> opinion. If abstinent, her symptoms would

13

still be apparent, but at a much lower level
in my opinion.

(R. at 256).

In his decision, the ALJ stated the following:

> In terms of the claimant's alleged
> limitations, the undersigned finds they would
> be significantly lessened if she stopped
> abusing alcohol and drugs. Dr. Mintz
> concluded that with continued drug and
> alcohol abuse, the claimant would have
> difficulty interacting with co-workers and
> supervisors, she would have varied
> concentration, but would be able to
> understand simple and intermediate
> instruction (Exhibit 7F). Based on the record
> as whole, the undersigned concludes that
> without drugs and alcohol and with compliance
> with a treatment regimen, including
> medication, the claimant would be able to
> function in the manner suggested by Dr.
> Mintz.

(R. at 34). However, the ALJ later stated the following:

> As for the opinion evidence, there is <u>no</u>
> opinion of record as to the claimant's
> ability to perform work activity absent drug
> and/or alcohol abuse. In sum, the above
> residual functional capacity assessment is
> supported by the evidence of record, which in
> this instance includes the report of an
> intake nurse and a consultative examiner.
> These records reflect continued drug and
> alcohol abuse and non-compliance with mental
> health treatment.

(R. at 35, emphasis added).

The record in this case is not devoid of medical opinion evidence regarding the impact on plaintiff's mental limitations if she abstained from alcohol and/or substance use/abuse. Dr. Mintz opined that her symptoms would "still be apparent, but at a

14

much lower level" in the absence of substance abuse (R. at 256). There is no medical evidence disputing this opinion by Dr. Mintz. Dr. Mintz stated that his opinions were based on his mental status examination and his review of the records (R. at 255-256).

However, Dr. Mintz only stated that plaintiff's limitations would be at a much lower level in the absence of substance abuse. Dr. Mintz did not specify the extent of her mental limitations in the absence of substance abuse. Plaintiff argues in her brief that the record does not contain any evidence that clearly shows how she would function absent alcohol or drug use (Doc. 12 at 11); plaintiff goes on to argue that Dr. Mintz does not indicate if this "lower level" of symptoms would allow her to engage in substantial gainful activity (Doc. 12 at 11). Even the ALJ stated that there is <u>no</u> opinion evidence as to plaintiff's ability to perform work activity absent substance abuse (R. at 35).

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion

15

describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made RFC findings that plaintiff could follow simple instructions, but would need limited contact with others and would need to avoid working as a member of a team (R. at 33). The only medical opinion evidence regarding plaintiff's

limitations if she did not engage in substance abuse was that the mild, moderate and marked limitations found by Dr. Mintz would still be apparent, but at "a much lower level" (R. at 256). However, Dr. Mintz never indicted what he meant by "a much lower level." As the ALJ himself stated, "there is no opinion of record as to the claimant's ability to perform work activity absent drug and/or alcohol abuse" (R. at 35). The ALJ's RFC findings did include limitations to simple work and to avoid contact with others, limitations reflected in the report of Dr. Mintz. However, the ALJ's RFC findings did not include any limitation on plaintiff's ability to respond appropriately to usual work situations and to changes in a routine work setting. The ALJ failed to explain why some limitations remained, but at least one limitation did not remain in light of the statement of Dr. Mintz that, if plaintiff abstained from substance use, her symptoms would still be apparent, but at a much lower level.

This case is being remanded in order for defendant to attempt to obtain additional medical records because of their clear potential relevance to the issue of plaintiff's remaining mental limitations absent substance use. This evidence, if obtained, will need to be considered when making RFC findings and when making a finding of whether or not plaintiff's substance abuse is a contributing factor material to the determination of disability. When this case is remanded, the RFC findings must

17

fully comply with SSR 96-8p.  If the ALJ indicates that he is relying on medical opinion evidence in formulating plaintiff's RFC, but fails to include all the limitations noted in the medical opinion, the ALJ must explain why some limitations in the medical opinion were included, but not others.  See Brown, 245 F. Supp.2d at 1186-1187.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 5th day of April 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge